Filed 11/24/14  P. v. McCarl CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073417 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F06805) |
| v. | |
| DENNIS LANE McCARL, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Defendant Dennis Lane McCarl appeals from the denial of his petition for recall and resentencing pursuant to the Three Strikes Reform Act of 2012 (Reform Act).  (Pen. Code, § 1170.126.)[1]  Because appointed appellate counsel filed a brief indicating that there are no arguable issues on appeal, we will dismiss the appeal.  (*People v. Anderson* (2014) 229 Cal.App.4th 925, 928-929, 934 (*Anderson*).)

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In Sacramento County Superior Court case No. 96F06805, defendant was convicted by a jury of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and unlawful possession of a firearm (former Pen. Code, § 12021, subd. (a)(1)). The jury also found defendant was personally armed with a firearm in possessing the methamphetamine for sale. (§ 12022, subd. (c).) The trial court found that defendant had two prior strike convictions and had served four separate prior prison terms. Defendant was sentenced to a state prison term of 29 years to life for the drug offense and a concurrent term of 25 years to life for the weapon offense. On May 29, 1998, we affirmed the judgment.[2]

On January 9, 2013, defendant filed a petition in the trial court seeking resentencing pursuant to the Reform Act. (§ 1170.126.) The petition stated that defendant had been convicted in 1997 of possession of a controlled substance for sale (Health & Saf. Code, § 11378) and unlawful possession of a firearm (former Pen. Code, § 12021) and that he had convictions for first degree burglary (§ 459) in 1981 and 1986. The petition stated that on April 16, 1997, he was sentenced to 25 years to life pursuant to sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2). However, the petition failed to state that the 1997 jury had also found that defendant was personally armed with a firearm in the commission of the drug offense.

The trial court examined the record of defendant's 1997 jury trial, discovered the jury's finding that defendant was personally armed with a firearm during the commission of the drug offense, and, for that reason, denied the petition for resentencing. Defendant appealed from the trial court's order denying his petition.

---

[2] We take judicial notice of our records of defendant's appeal in case No. 96F06805 (*People v. McCarl* (May 29, 1998, C026359) [nonpub. opn.]). (Evid. Code, § 452, subd. (d).)

2

We appointed counsel to represent defendant on his appeal. Counsel filed an opening brief in conformity with *Wende*, *supra*, 25 Cal.3d 436 and asked this court to review the record and determine whether it reflects any arguable issues on appeal that might result in an outcome more favorable to defendant. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

## DISCUSSION

The California Supreme Court has recently determined that a trial court order denying a defendant's resentencing petition is an appealable order. (*Teal v. Superior Court* (2014) ___ Cal.4th ___, ___ [2014 Cal. Lexis 10481 at p. *2].)

But, as this is not defendant's first appeal as of right from a criminal conviction, and there is no independent due process right to *Wende* review in this particular context, we conclude defendant is not entitled to *Wende* review of the denial of his section 1170.126 petition. (*Anderson*, *supra*, 229 Cal.App.4th at pp. 928-929, 934.)

## DISPOSITION

The appeal is dismissed.

                                                  BUTZ          , J.

We concur:

      RAYE          , P. J.

      HOCH          , J.